# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| THEANDRE HAGGINS,<br>    Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | CIVIL ACTION NO.<br>1:17-CV-2512-CAP-CMS |
| UNNAMED DEFENDANT,<br>    Defendant. | : <br> : | |

_____     _____

| | | |
|---|---|---|
| DENZEL MORRIS,<br>    Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | CIVIL ACTION NO.<br>1:17-CV-3390-CAP-CMS |
| GWINNETT COUNTY<br>DETENTION CENTER, et al.,<br>    Defendants. | : <br> : <br> : | |

_____     _____

| | | |
|---|---|---|
| DENZEL MORRIS,<br>    Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | CIVIL ACTION NO.<br>1:17-CV-3530-CAP-CMS |
| GWINNETT COUNTY<br>DETENTION CENTER<br>MEDICAL DEPARTMENT,<br>    Defendant. | : <br> : <br> : <br> : | |

## **FINAL REPORT AND RECOMMENDATION AND ORDER**

For the reasons explained below, I **RECOMMEND** that the three related prisoner civil rights cases listed in the caption be **DISMISSED**

**WITHOUT PREJUDICE** so that the plaintiff may refile a single, more-carefully-drafted complaint and a single, complete application for permission to proceed *in forma pauperis* ("IFP").

On April 26, 2017, a Gwinnett County grand jury indicted "Theandre Chishun Haggins AKA Denzel Morris" for armed robbery, hijacking a motor vehicle, aggravated assault, and theft by receiving stolen property, all alleged to have occurred on February 2, 2017. *See* -2512 Case (Doc. 2-1).

The plaintiff in the three cases listed in the caption states that he "was booked under the name of Theandre Haggins (#99554200) on February 2, 2017," and remains in pretrial detention there through the present under the name "Denzel Morris (#99537319)." *See* -3390 Case (Doc. 1 at 3). The Gwinnett County Detention Center website indicates that Morris faces the charges listed in the April 26, 2017 indictment, as well as charges for forgery, participating in gang activity, giving articles to convicts, and violation of probation. *See* http://www.gwinnettcountysheriff.com/pages/DocketBook (last viewed Oct. 12, 2017; searched for "Morris, Denzel").

In July 2017, Morris initiated the -2512 Case under the name Theandre Chishun Haggins. *See* -2512 Case (Doc. 1). After protesting that

2

he was innocent of the crimes with which he was charged in the April 26, 2017 indictment, Morris complained that his rights were violated when he was "lock[ed] . . . up under the wrong name" and "falsely imprison[ed]" on "false accusations." *See* -2512 (Doc. 2).

Because Morris had neither paid the $400 due in case initiation fees, nor requested permission to proceed IFP, I ordered him to do one or the other. *See* -2512 Case (Doc. 3). In late August 2017, still using the name Theandre Haggins, Morris filed an incomplete IFP application, to which he attached two notices. *See* -2512 Case (Docs. 4 & 4-1). The first notice stated that Gwinnett County Detention Center officials were refusing to certify and sign his IFP application. *See id.* The second notice stated "[m]y name is Denzel Morris #9553719 [and] I am the same person who has recently sent the U.S. Courthouse a copy of my indictment and a letter in the name of THEANDRE CHISHUN HAGGINS #99554200." *See* -2512 Case (Doc. 4-1 at 2). Morris also stated that he "wanted to let the courthouse be aware of . . . upcoming lawsuits [he was] about to put on Gwinnett County." *Id.*

In early September 2017, Morris initiated the -3390 Case by submitting a complaint and an application for permission to proceed IFP. *See* -3390 Case (Docs. 1 & 2). This complaint charged the Gwinnett County Detention Center with "false imprisonment, false identification, and cruel and inhumane punishment." *See* -3390 Case (Doc. 1 at 3). Morris also complained that he was "not getting the proper medical treatment cause [his] medical record is under the name of Theandre Haggins." *Id.* at 4. Again, Morris's IFP application was incomplete. *See* -3390 Case (Doc. 2) (omitting required certifications and signatures)

In mid-September 2017, Morris initiated the -3530 Case by submitting another complaint and another application for permission to proceed IFP. *See* -3530 Case (Docs. 1 & 2). In this complaint, Morris alleged that he "broke [his] right index finger, knuckle + injured [his] left middle finger on June 24, 2017." *See* -3530 Case (Doc. 1 at 3). Morris demanded "treatment immediately and compensation for [his] suffering and injury." *Id.* at 4. Again, Morris's IFP application was incomplete. *See* -3530 Case (Doc. 2) (omitting required certifications and signatures).

Several things are noteworthy about Morris's three cases. First, there is substantial overlap between his claims in the -2512 Case and his claims in the -3390 Case, and there is substantial overlap between his claims in the -3390 Case and his claims in the -3530 Case. Because Morris may not pursue the same claims in multiple cases, this problem will have to be fixed before he may proceed.

Second, as currently-drafted, Morris's complaints lack sufficient factual detail to state claims upon which relief may be granted, and they would be subject to dismissal if screened. *See* 28 U.S.C. § 1915A; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotation marks and citations omitted). So, if Morris wishes to pursue his claims further, he will have to file a more-carefully-drafted amended complaint. *See generally Corsello v. Lincare*, 428 F.3d 1008, 1014 (11th Cir. 2005).

Third, even if I assume that Morris is telling the truth when he asserts that Gwinnett County Detention Center officials will not provide the

certifications and signatures he requires to submit complete IFP applications, Morris's own filings contradict the sworn statements in his IFP applications that he had no income of any sort during the twelve-month period before he initiated these cases. *Compare* -2512 Case (Doc. 4) (IFP application stating that he "never had a job" and had received no money during the preceding twelve months) *with* -2512 Case (Doc. 3) (motion stating that on February 1, 2017, he "went to [his] bank and withdrew $10,000" in savings that he accumulated as a "chef on the street" who "do[es] construction work on the side").

Federal law is designed to "weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status." *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990). And when a litigant submits an untruthful IFP application, sanctions up to and including dismissal with prejudice in cases involving bad faith are warranted. *See Attwood v. Singletary*, 105 F.3d 610 (11th Cir. 1997).

Because I conclude that Morris's IFP applications include material false statements (about his work history and income) and are untruthful, I **DENY** his applications for permission to proceed IFP in these three cases.

Dismissal is required after this Court concludes that an allegation of poverty is untruthful. *See Daker v. Kemp*, No. 15-13179, 2016 U.S. App. LEXIS 23640, at *10 (11th Cir. Dec. 19, 2016) (citing 28 U.S.C. § 1915(e)(2)(A)). However, "[d]ismissal with prejudice based on an untrue allegation of poverty should be imposed only if the district court has concluded that lesser sanctions are inadequate." *Id.* (citing *Camp v. Oliver*, 798 F.2d 434, 437-38 (11th Cir. 1998)).

Here, I conclude that the minimum necessary sanction to ensure that Morris will take seriously his obligation truthfully to report his income and assets in future IFP applications is dismissal without prejudice, and this is what I have recommended above.

Moreover, I note that dismissal without prejudice will afford Morris an opportunity to consolidate his claims—all of which are directed at defendants associated with the Gwinnett County Detention Center—in a single more-carefully-drafted complaint, simultaneously (A) solving the

problem he has created by repeating the same claims in multiple cases and (B) affording him the opportunity to file a more-carefully-drafted complaint that may avoid dismissal for failure to state any claim upon which relief may be granted.

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 6th day of November, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE